IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re Ex Parte Application of | § | |
| Joongyoung Kim, | § | No. 3:24-mc-31-X-BN |
| | § | |
| Applicant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Applicant Joongyoung Kim, a citizen of the Republic of Korea, has filed an Ex Parte Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782. *See* Dkt. No. 1. He seeks to obtain information as to the identity of an alleged infringer for use in a foreign proceeding in Korea by issuing subpoenas duces tecum under Federal Rule of Civil Procedure 45 to be served on Discord Inc. and Activision Blizzard, Inc..

United State District Judge Brantley Starr has referred this matter, including all motions, to the undersigned United States magistrate judge under 28 U.S.C. § 636(b). *See* Dkt. No. 3.

For the reasons explained below, the Court should deny without prejudice Applicant Joongyoung Kim's Ex Parte Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 [Dkt. No. 1].

**Background**

Mr. Kim explains that, through his Section 1782 application in aid of a foreign proceeding, he is seeking the identity of the individual (the "Hacker") who hacked Mr. Kim's Tiferu and Returnuns Campaign maps (the "Maps") and thereafter uploaded the Maps for free on Discord Inc. ("Discord"), particularly the account information as

it relates to the Hacker's IP address and identification of Discord user #3513 (ID Number 938729277921312788), as well as the game payment records from Activision Blizzard, Inc. ("Blizzard"), particularly for "Coop Commander" in StarCraft II, related to the identification of the following Blizzard user: AlphaStars#1506. *See* Dkt. No. 1 at 3.

According to Mr. Kim, "[t]his matter was brought before the Cyber Crime Investigation Division of Gwangju Metropolitan Police Agency (the 'Police Agency'), where Mr. Kim, as the Complainant, brought criminal claims against an unnamed defendant, or the Hacker. The criminal claims related to the following: (1) the obstruction of business, considering that it interfered with Mr. Kim's business as to the map, where Mr. Kim profits an average of three million won per month in pledge revenue; and (2) defamation, where the unnamed defendant impersonated as Mr. Kim and made false statements." *Id.* at 3-4.

Mr. Kim seeks to issue Rule 45 subpoenas duces tecum to

(1) Discord, Inc. c/o CT Corporation System, 330 N. Brand Blvd, Suite 700, Glendale, California 91203, for "all information sufficient to identify the operator and/or owner (the 'Infringer') of each of the servers, who uploaded, hosted, and/or contracted with other providers to host the infringing content identified in in Discord user 김중영#3513 (ID Number 938729277921312788) and https://discord.com/invite/j7uDanyv95" and

(2) Activision Blizzard, Inc., 2701 Olympic Blvd., Building B, Santa Monica, California 90404 for "all information sufficient to identify the operator and/or owner (the 'Infringer') of each of the servers, who uploaded, hosted, and/or contracted with other providers to host the infringing content identified in Blizzard user AlphaStars#1506 and the URLs listed" in the proposed subpoena.

Dkt. No. 1-1 at 80-86 of 86.

## Legal Standards and Analysis

I.    <u>A 28 U.S.C. § 1782 application should be treated as a dispositive motion.</u>

"This dichotomy of a magistrate judge's authority in civil cases referred by the district court is outlined in the Federal Magistrates Act, 28 U.S.C. § 636, and seeks to enforce the constitutional limits on non-Article III judges." *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 762-63 (5th Cir. 2016) (citation omitted).

As the United States Court of Appeals for the Fifth Circuit recently explained that, "[a] magistrate judge's authority to issue dispositive orders derives from Article III district courts, and that authority must be properly delegated. A district court may refer a matter to a magistrate judge for pretrial, non-dispositive orders under 28 U.S.C. § 636(b). But a magistrate judge acting under § 636(b) delegation has no power to dispose of a case, and rather may only make recommendations, with the district court retaining the power to accept, reject, or modify the proposal before finally deciding the case. 28 U.S.C. § 636(b)(1)." *Sealed Appellee v. Sealed Appellant*, No. 21-10427, 2022 WL 597249, at *1 (5th Cir. Feb. 28, 2022) (cleaned up). And Federal Rule of Civil Procedure 72 correspondingly provides that:

- "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision."
- "A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement. A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The

>    magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact."

FED. R. CIV. P. 72(a), (b)(1).

The undersigned is persuaded that an application for judicial assistance pursuant to 28 U.S.C. § 1782 cannot be treated as nondispositive, *see CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 807-08 (9th Cir. 2022), even though a follow-on motion to quash or enforce the resulting subpoena may be nondispositive, *see Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 978 F.3d 968, 971-72 (5th Cir. 2020).

The undersigned recognizes that "the majority approach" among district courts in this circuit and elsewhere may be to treat Section 1782 as non-dispositive matters. *CFE Int'l LLC v. Antaeus Grp. LLC*, No. 1:23-CV-56-DII, 2023 WL 7181266, at *3 (W.D. Tex. Nov. 1, 2023)., But, for the reasons that the panel of the United States Court of Appeals for the Ninth Circuit in *CPC* convincingly explained, the undersigned concludes that an application for court-ordered discovery pursuant to Section 1782 is a dispositive matter for purposes of 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, where any orders denying the application "effectively cut off all avenues for relief in federal court, even if they leave major substantive issues to be determined by other tribunals." 34 F.4th at 808.

That analysis of whether a matter is dispositive for Section 636(b)'s purposes tracks the Fifth Circuit's reasoning and conclusions in several decisions in related contexts. *See Davidson*, 819 F.3d at 764-65 (5th Cir. 2016) (a motion to remand to state court is dispositive); *E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 694 n.1 (5th

Cir. 2017) (an administrative subpoena enforcement action brought by the E.E.O.C. is a dispositive matter); *United States v. First Nat. Bank of Atlanta*, 628 F.2d 871, 873 (5th Cir. 1980) (an action to enforce an IRS summons under 26 U.S.C. § 7604 is dispositive); *see also Certified Lab'ys v. Momar, Inc.*, No. 3:22-mc-60-K-BN, 2022 WL 4370456 (N.D. Tex. Aug. 16, 2022) (treating as dispositive an application to enforce arbitration subpoenas under 9 U.S.C. § 7), *rep. & rec. adopted*, 2022 WL 4371507 (N.D. Tex. Sept. 21, 2022).

On the other hand, motions to transfer a case to another federal district and motions regarding Federal Rule of Civil Procedure 45 subpoenas issued in another federal district court are not dispositive where resolving those motions does not terminate the only matter pending in federal court or any claim or defense and does not dispose of or bring an end to the underlying matter that is or will be pending in another federal court. *See Leonard v. Martin*, 38 F.4th 481, 485 (5th Cir. 2022); *In re U.S. Dep't of Educ.*, 25 F.4th 692, 697-99 (9th Cir. 2022); *Franco v. Mabe Trucking Co.*, 3 F.4th 788 (5th Cir. 2021); *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327-28 (11th Cir. 2020); *accord In re Abubakar*, ___ F. Supp. 3d ___, No. 23 CV 05099, 2023 WL 6392307, at *5-*7 & n.4 (N.D. Ill. Sept. 30, 2023); *cf. Arcelik A.S. v. E.I. DuPont de Nemours & Co.*, 856 F. App'x 392, 396 (3d Cir. 2021) (concluding that a decision on a motion to vacate letters of request issued by the district court in the matter at hand "is non-dispositive" "based on the fact … that, unlike in the [28 U.S.C.] § 1782 and administrative subpoena contexts, the underlying case will continue in U.S. courts after this discovery dispute is settled and a decision on the

motion will not terminate a claim or defense").

II. <u>The Court should deny Mr. Kim's Section 1782 application without prejudice.</u>

28 U.S.C. § 1782(a) provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court."

"Section 1782 allows an interested party to a foreign proceeding to apply to a United States district court in order to obtain discovery related to the foreign proceeding where the source of the discovery is not a party to the foreign proceeding and can be found within the jurisdiction of the district court." *Tex. Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 553 (5th Cir. 2012).

"Three statutory requirements must be satisfied before a district court may grant assistance under § 1782(a): (1) the person from whom discovery is sought must reside or be found in the district in which the application is filed; (2) the discovery must be for use in a proceeding before a foreign tribunal; and (3) the application must be made by a foreign or international tribunal or any interested person." *Bravo Express Corp. v. Total Petrochemicals & Ref. U.S.*, 613 F. App'x 319, 322 (5th Cir.

2015) (cleaned up). And, "once an interested party makes the requisite showing that it has met the statutory [requirement], the district court judge has the discretion to grant the application seeking the authority to issue subpoenas." *Tex. Keystone*, 694 F.3d at 553.

Mr. Kim has not shown that he has met the statutory requirements.

A. <u>"Resides or is found"</u>

Mr. Kim has not shown that Discord or Blizzard "resides or is found" in the Northern District of Texas.

In support of this statutory requirement, Mr. Kim asserts that "this Court has jurisdiction, regarding this matter, over Discord, a United States corporation, whose office is located in San Francisco, California, and over Blizzard, an American holding company, who has an office located in Dallas, Texas." Dkt. No. 1 at 10. In support of another statutory requirement, Mr. Kim explains that "Discord is a United States corporation, where it is incorporated and registered under the laws of the State of Delaware, and has its office located at 444 De Haro Street, Suite 200, San Francisco, California, 94107," and that "Blizzard is an American video game holding company headquartered in Santa Monica, California, and has multiple offices, including one located in Dallas, Texas." *Id.* at 9. And Mr. Kim's proposed subpoenas list California addresses for Discord and Blizzard *See* Dkt. No. 1-1 at 80-86 of 86.

As another judge in this circuit has explained:

- "To determine whether [Mr. Kim's] allegation is sufficient to satisfy the first requirement of § 1782, the Court must determine the meaning of 'resides or is found.'"

-7-

- "The statute does not define 'resides or is found.'"
- The United States Court of Appeals for the Fifth Circuit "has not addressed the meaning of 'resides or is found' in § 1782(a), but the Court reviews decisions from other courts for persuasive guidance."
- "Courts in this Circuit have held that a corporation 'resides or is found' in a district where it is headquartered or incorporated."
- "Beyond this, courts have taken divergent approaches to defining 'resides or is found.'"

*In re Xiaomi Tech. Germany GmbH*, No. 1:22-MC-768-LY, 2022 WL 4009046, at *2 (W.D. Tex. Sept. 2, 2022), *rep. and rec. rejected*, 2022 WL 17815724 (W.D. Tex. Sept. 19, 2022).

The United States Court of Appeals for the Second Circuit had held that the scope of the phrase "resides or is found" "extends to 'the limits of personal jurisdiction consistent with due process.'" *Id.* at *3 (quoting *In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019)). And "[c]ourts in this Circuit have interpreted similar language in other statutes in accordance with the Second Circuit's personal jurisdiction approach." *Id.* at *3 (collecting authorities). And the undersigned is persuaded that this is the appropriate reading of "is found" in Section 1782(a). *Accord In re Thales Dis Ais Deutschland GmbH*, No. 3:21-mc-303-S, 2021 WL 7707268, at *2 (N.D. Tex. Nov. 5, 2021).

A federal district court may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant and (2) the exercise of jurisdiction by the forum state is consistent with due process under the United States Constitution. *See*

*Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009). "As the Texas long-arm statute extends as far as constitutional due process allows, we only consider the second step of the inquiry." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

Two types of personal jurisdiction may be exercised over a nonresident defendant: general and specific.

"A court may assert general personal jurisdiction over foreign corporations when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State. There are two paradigm forums in which a corporate defendant is 'at home.' They are (1) the corporation's place of incorporation and (2) its principal place of business. Beyond those two paradigm forums, there may also be exceptional case[s] where the exercise of general jurisdiction is appropriate because a corporate defendant's operations are so substantial and of such a nature as to render the corporation at home in the forum State. But it is incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895 (5th Cir. 2022) (cleaned up).

Mr. Kim has made no showing in support of finding general jurisdiction over Discord or Blizzard.

As to Discord, Mr. Kim "does not allege that [Discord] is incorporated or has its principal place of business in this District" or that it "maintains a registered agent and a mailing address in this District." *In re Xiaomi Tech. Germany GmbH*, No. 1:22-MC-768-LY, 2022 WL 4009046, at *4 (W.D. Tex. Sept. 2, 2022), *rep. and rec. rejected*,

2022 WL 17815724 (W.D. Tex. Sept. 19, 2022). And Mr. Kim does not allege that Discord maintains any offices or other physical presence in this district.

As to Blizzard, Mr. Kim does not allege that it is incorporated or has its principal place of business or headquarters in this District but rather alleges only that it has an office located in Dallas, Texas. And allegations only that a corporation maintains in office in Dallas does not, without more, establish that it is "at home" in Texas. *See BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 414 (2017); *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.20 (2014).

"Specific jurisdiction, on the other hand, demands a connection between the suit and the forum," *Zoch v. Magna Seating (Germany) GmbH*, 810 F. App'x 285, 288 (5th Cir. 2020). It "focuses on the relationship among the defendant, the forum, and the litigation." *Seville*, 53 F.4th at 895 (cleaned up).

> In evaluating whether due process permits the exercise of specific jurisdiction, [courts in this circuit] consider
> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.
> If the plaintiff establishes the first two prongs, the burden shifts to the defendant to make a "compelling case" that the assertion of jurisdiction is not fair or reasonable.

*Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019) (cleaned up).

"For there to be minimum contacts, a defendant must have 'purposefully availed himself of the benefits and protections of the forum state' 'such that he should

reasonably anticipate being haled into court there.'" *Id.* (cleaned up). "In other words, for specific personal jurisdiction to exist over [a nonresident defendant], there must be an affiliation between the forum and the underlying controversy." *Conti 11. Container Schiffarts-GMBH & Co. KG M.S., MSC Flaminia v. MSC Mediterranean Shipping Co. S.A.*, 91 F.4th 789, 794 (5th Cir. 2024) (cleaned up).

Mr. Kim offers no allegation to support a finding of specific jurisdiction over Discord or Blizzard in the Northern District of Texas in connection with the information that he seeks or the underlying matter in Korea. Mr. Kim does not allege that any office that Blizzard may maintain in Dallas would be involved in maintaining or producing the information that he seeks.

The only apparent connection to this district is that Mr. Kim's attorneys maintain their law offices in Dallas, where the proposed subpoenas seek to have Discord and Blizzard each produced the sought-after information. *See* Dkt. No. 1-1 at 80-86 of 86. "It would appear, then, that [Mr. Kim] is asking a [California] entity to produce documents to a [Dallas] law firm." *Helen Trading S.A. v. McQuilling Ptrs. Inc.*, No. 4:18-MC-154, 2018 WL 7252925, at *2 (S.D. Tex. Feb. 9, 2018).

Mr. Kim has not demonstrated that either person from whom discovery is sought resides or can be found in this district.

B. "For use in a proceeding in a foreign or international tribunal"

Mr. Kim also has not shown that the discovery he seeks is for use in a proceeding before a foreign tribunal.

Mr. Kim explains that "[t]his matter was brought before the Cyber Crime

-11-

Investigation Division of Gwangju Metropolitan Police Agency (the 'Police Agency'), where Mr. Kim, as the Complainant, brought criminal claims against an unnamed defendant, or the Hacker." Dkt. No. 1 at 3. Mr. Kim explains that he "filed a complaint with the Police Agency regarding the unlawful actions of the unnamed defendant (the 'Criminal Complaint')." *Id.* at 4.

Through his Section 1782 application, Mr. Kim seeks the identity of the Hacker through the Hacker's Discord user information and Blizzard user name and explains that the alleged criminal acts "not only violate" certain Korean laws "but also Discord's Privacy and Policy, which provides users an opportunity to report another user who is impersonating an individual in a deceptive or harmful way." *Id.* Mr. Kim alleges that "[t]he foreign proceeding is a criminal proceeding, charging claims against the unnamed Hacker himself," and that "Mr. Kim is the plaintiff in the Criminal Complaint in Korea under the Korean Criminal Code and the Information and Communications Network Act." *Id.* at 9.

Mr. Kim asserts that met the second statutory requirement "because the discovery herein sought by means of this Ex Parte Application is for use in the Criminal Complaint in Korea. As noted previously, determining the Hacker's identity for use in the foreign proceeding as to Mr. Kim's claim to recover from the unidentified Hacker regarding the damages sustained by the Hacker's unlawful actions." *Id.* at 8. And Mr. Kim asserts, without further explanation, that "[t]he foreign tribunal" – that is, "the Cyber Crime Investigation Division of Gwangju Metropolitan Police Agency

(the 'Police Agency')" – "is a court of law" and that "[t]here is no reason to think that the Police Agency would not receive additional information pertinent to the Criminal Complaint, especially since the additional information is relevant to identifying the unnamed defendant." *Id.* at 10.

But, as another judge recently explained in a similar context, Mr. Kim "appears to contend that ongoing criminal investigations are tantamount to 'proceedings' within the meaning of Section 1782." *Matter of Application for an Ord. Seeking Discovery Under 28 U.S.C. § 1782*, No. 24 MISC. 152 (GHW) (GS), 2024 WL 2883293, at *4 (S.D.N.Y. May 16, 2024), *rep. & rec. adopted*, 2024 WL 2883091 (S.D.N.Y. June 5, 2024).

But, "[w]hile Section 1782's 'for use' prong explicitly contemplates that the 'proceeding' in question may be a 'criminal investigation[ ],' the statutory text just as explicitly requires that the criminal investigation be one before 'a foreign or international tribunal.'" *Id.* (cleaned up).

And "[a] 'tribunal' within the meaning of Section 1782 includes, but is not limited to, courts; it also includes, more broadly, 'an adjudicatory body that exercises governmental authority.' It does not, however, include a prosecuting office that lacks adjudicative authority." *Id.* (cleaned up; quoting *ZF Automotive US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 627-28 (2022)).

"In some countries, especially in Europe, criminal investigations are conducted by an investigating magistrate or other quasi-judicial officer," and "[i]n expanding the applicability of § 1782 to encompass investigating magistrates, Congress was

implicitly recognizing the differing roles of judges and prosecutors in foreign jurisdictions, particularly in Europe, where the prosecutor/adjudicator (unlike U.S. prosecutors) is trained to be more like [a] neutral adjudicator[ ] than [an] advocate." *Id.* (cleaned up).

But, other than a single unexplained reference to "a court of law," "[n]othing in [Mr. Kim's Section 1782] Application indicates that criminal investigations in [Korea] are conducted by an investigating magistrate or similar neutral adjudicator akin to what happens in the European inquisitorial system." *Id.*

\* \* \* \*

Because Mr. Kim has not met his burden to establish the threshold statutory requirements for relief under 28 U.S.C. § 1782(a), the Court should deny his Section 1782 application.

III. <u>The Court need not decide whether this application was properly filed ex parte.</u>

Mr. Kim has filed his Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 ex parte. *See* Dkt. No. 1.

This Court has previously noted "that ex parte filing of an application for discovery under 28 U.S.C. § 1782 is permissible." *In re Application of Eurasian Bank Joint Stock Co. for Expedited Jud. Assistance Pursuant to 28 U.S.C. § 1782*, No. 3:15-mc-106-L-BN, 2015 WL 6438256, at \*1 (N.D. Tex. Oct. 21, 2015). But the cases supporting that observation explain that ex parte filing is permissible "where the application is for the issuance of subpoenas and the substantial rights of the

subpoenaed person are not implicated by the application" and where, "once the subpoenas are served, [the respondent] will have the opportunity to move to quash or modify the subpoenas under Federal Rule of Civil Procedure 45," so that "[t]he respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Id.* (cleaned up).

The Fifth Circuit recently observed "that it is not unusual for § 1782(a) applications to be made initially on an ex parte basis to the district courts, though this does not seem to be routine practice. There is no reason to disapprove ex parte applications. The procedural device used should not, however, narrow a respondent's legal rights on receipt of a § 1782(a) subpoena." *Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 474 (5th Cir. 2022). And the Fifth Circuit has more generally explained that "[e]x parte proceedings are an exception to the rule in our judicial system and contrary to its adversarial nature." *In re High Sulfur Content Gasoline Prod. Liab. Litig.*, 517 F.3d 220, 231 (5th Cir. 2008).

Mr. Kim offers no justification for filing ex parte here other than citing these some of general legal principles – suggesting, in essence, that filing ex parte should be a "routine practice" or the default manner of proceeding so long as "[t]he respondent's due process rights are not violated." Dkt. No. 1 at 8.

But the Court need not wade further into whether Mr. Kim properly filed his application ex parte because his Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 should be denied regardless, for the reasons explained above.

**Recommendation**

The Court should deny without prejudice Applicant Joongyoung Kim's Ex Parte Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 [Dkt. No. 1].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 26, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE